IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED

MAR 30 2018

Clerk, U.S District Court
District Of Montana
Missoula

MARY L. DEVERA, as Personal Representative of the Estate of Trent Vigus, deceased,

Plaintiff,

vs.

EXXON MOBIL CORPORATION and XTO ENERGY, INC.,

Defendants.

CV 17–174–M–DLC

ORDER

Defendant XTO Energy Inc. moves to transfer venue of this case to the Billings Division of this Court. Defendant Exxon Mobil Corporation joins in the motion. Plaintiff did not file a response brief.

Jurisdiction in this case is based on diversity of citizenship. 28 U.S.C. § 1332. Plaintiff is the personal representative of the estate of Trent Vigus, deceased, and was appointed by the Seventh Judicial District Court, Dawson County, Montana. The notarization on the Application for Appointment of Personal Representative indicates that it was signed in Toole County, Montana. Defendants are New Jersey and Delaware corporations. Where jurisdiction in a civil action is founded only on diversity of citizenship, venue is proper in the

judicial district in which all plaintiffs reside or in which the claims arose. 28 U.S.C. § 1391(b). Therefore, it is appropriate that this case is initially venued in the District of Montana. The issue presented by the instant motion is whether this case is properly venued in the Missoula Division of the court, or should be transferred to the Billings Division.

The starting point for the Court's analysis is L.R. 3.2(b), which provides that "venue is proper in any division of the court containing a county of proper venue under the laws of the State of Montana." Turning to Montana law, "if the defendant is a corporation incorporated in a state other than Montana, the proper place of trial for a tort action is (a) the county in which the tort was committed; (b) the county in which the plaintiff resides; or (c) the county in which the corporation's registered agent is located, as required by law." Mont. Code Ann. § 25–2–122(2) (2017). Looking to the complaint filed in this case, there is no allegation identifying the place of the residence of the personal representative, Mary L. Devera, although, as indicated above, she signed an estate pleading in Toole County, which is located in the Great Falls Division of the court, and the estate proceedings is venued in Dawson County Montana, which is within the Billings Division. L.R. 1.2(c)(1) and (3). It appears that the registered agents for the Defendant corporations are located in Lewis and Clark, County, Montana,

which is within the Helena Division of the Court. L.R. 1.2(c)(4). The alleged torts were committed in Richland County, which is within the Billings Division of the court, L.R. 1.2(c)(1).

The Missoula Division, where the plaintiff filed this action, has no apparent connection to the case other than being the residence of one of the Plaintiff's attorneys. There is no evidence in the record that the Plaintiff resides in the Missoula Division. Nevertheless, the Defendants do not reside in the Missoula Division and the alleged torts were committed in the Billings Division. Moreover, the Plaintiff has not responded to the Defendants' motion to transfer venue. Thus, the Court finds that the Billings division constitutes the proper place for trial in this matter.

Accordingly, IT IS ORDERED that Defendants' motion for change of venue to the Billings Division of this Court (Doc. 5) is GRANTED. The clerk of court is directed to transfer this case to the Billings Division.

DATED this 30th day of March, 2018.

Dana L. Christensen, Chief Judge
United States District Court