Fredric A. Bremseth
fbremseth@bremseth.com
Keith E. Ekstrom
kekstrom@bremseth.com
BREMSETH LAW FIRM, P.C.
601 Carlson Parkway, Suite 995
Minnetonka, MN  55305
Telephone: (952)475-2800

Andrew D. Huppert
andrew@carey-law.com
CAREY LAW FIRM, P.C.
225 West Broadway
P.O. Box 8659
Missoula, MT  59807-8659
Telephone:  (406)728-0011

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| MARY L. DEVERA, as Personal Representative of the Estate of Trent Vigus, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION and XTO ENERGY, INC.,<br><br>Defendants. | Case No. CV-18-59-BLG-TJC<br><br><br><br>**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Mary Devera, by and through counsel of record, hereby files her brief in opposition to defendant's motion for summary judgment.

### INTRODUCTION

Montana protects the interests of minors who are victims of torts with a minority tolling statute, MCA 27-2-401.  Defendant XTO argues that as a matter of law, there is an exception to minority tolling of the statute of limitations for wrongful death lawsuits. Wrongful death lawsuits must be brought by a personal representative. Because a minor cannot be a personal representative, tolling can never apply, according to defendant. Defendant cites no case law for this argument.  Numerous courts from other states have rejected the same argument.

Montana has a statute which tolls the statute of limitations for cases where "the facts constituting the claim are concealed or self-concealing in nature." MCA 27-2-102. Defendant argues that the facts are not self-concealing or concealed in the present case. Defendant has submitted only documents for this issue, and none of them are dispositive.  Numerous Montana state and federal court cases say that knowledge is a fact question in discovery rule cases, not amenable to summary judgment.

Defendant also argues that plaintiff has no proof that XTO concealed any facts. Fraudulent concealment requires evidence from the defendant's files and employees, which by nature is evidence which was concealed.  It is premature to seek summary judgment on this issue, which can only be substantiated through discovery and depositions.  FRCP 56(d) should be applied on this issue.

## FACTUAL BACKGROUND

The facts are presented in narrative fashion in Plaintiff's Statement of Disputed Facts.

## <u>ARGUMENT</u>

**I.    <u>THE MONTANA WRONGFUL DEATH STATUTES AND THE 1987 AMENDMENT.</u>**

Defendant claims that a 1987 amendment to the wrongful death statute, 27-1-513 MCA, eliminated the minority tolling provision which applies to all other torts. Some brief legislative history is necessary to understand why this is not true. Prior to 1987, there were two types of lawsuits for wrongful death: (1) a "survival claim" for pre-death pain and suffering and any income loss from time of injury until time of death.  The damages awarded became part of the probate estate, and are first used to satisfy creditor claims, and second for distribution to heirs. MCA 27-1-501, (captioned "Survival of Cause of Action"); and (2) a "wrongful death" claim to compensate the heirs for the damages that they each individually suffered.  MCA 27-1—513 (captioned "Action for Wrongful Death") Wrongful death damages "are personal to the decedent's heirs and do not belong to the decedents estate." *In re Estate of Lambert*, 143 P.3d 426, 430 (Mont. 2006).

Prior to the 1987 amendment, two separate lawsuits with separate damages award for each was possible. Only the personal representative could bring a survival action, and the personal representative was obligated to distribute assets pursuant to heirs and creditors. *State v. District Court*, 364 P.2d 739, 741 (Mont. 1961).  An entirely separate wrongful death action could be brought by decedent's heirs. In 1987, the legislature amended the laws in order to prevent multiple lawsuits by the individual heirs and personal representatives.  *Renville v. Fredrickson*, 101 P.3d 773, 778 (Mont. 2004). The amendments provided that the personal representative must bring both actions together: "Actions brought under 27-1-513 and this section must be combined in one legal action."  MCA 27-1-501(2).

The Montana statute of limitations for all torts is three years. This statute specifically references wrongful death actions.  MCA 27-2-204 (Captioned "Tort Actions –General and Personal Injury"). But when a person entitled to bring an action is a minor, the statute of

limitations for torts does not begin to run until the minor is 18.  At that date, the statute of limitations clock first starts ticking.  MCA 27-2-401

Defendant XTO argues, without any authority, that the 1987 amendment requiring the personal representative to bring both actions in one lawsuit eliminated minority tolling for wrongful death lawsuits. The apparent argument is that because the only "person entitled to bring the action" is now the personal representative, and the personal representative must be over 18, minority tolling does not apply. There are no Montana statutes which even suggest this.

## II.   DEFENDANT'S SOLE AUTHORITY, *RENVILLE v FREDRICKSON*, IS NOT ON POINT.

There are no Minnesota cases addressing minority tolling in wrongful death lawsuits. The sole case cited by defendant, *Renville v. Fredrickson*, 101 P.3d 773 (Mont. 2004), says nothing at all about minority tolling.  Additionally, Renville involved a case which was actually filed, then settled.  Different rules apply to litigated cases.  In *Renville*, forty-four year old Gary Sorenson was killed while a passenger in a motor vehicle driven by Sherlee Fredrickson. The decedent's son, Jason Sorenson was appointed personal representative of his father's estate.  Acting as personal representative Jason Sorenson sued the defendant driver for wrongful death in 2001, and the case was settled in 2001. In 2002, Gary Sorenson's mother then filed a second lawsuit against Fredrickson, seeking damages for her own emotional distress and loss of consortium. The trial court granted summary judgment.  The Montana Supreme Court held that since the personal representative had already successfully prosecuted a wrongful death action, a second lawsuit by someone who was neither an heir nor a personal representative failed as a matter of law. The *Renville* case has nothing to offer which supports defendant XTO's arguments about minority tolling.  Minority tolling is not even mentioned.

## III.   THE 1987 AMENDMENT REQUIRING A SINGLE LAWSUIT CHANGED THE PROCEDURE BUT NOT THE SUBSTANTIVE LAW.

While the wrongful death statute was changed in 1987 in order to eliminate multiple lawsuits, the amendment says nothing about minority tolling.  The statute of limitations for wrongful death was not changed. There were no changes in the minority tolling statute. The amendment requiring a single action for wrongful death by a personal representative does not repeal minority tolling for wrongful death actions. The "single lawsuit" amendment was merely procedural.

In *Payne v. Eighth Judicial District*, 60 P.3d 469 (Mont. 2002), the Court held that there are still two distinct causes of action, survival and wrongful death. The survival action belongs to the decedent's estate. The wrongful death action does not belong to the personal representative or the estate, and the personal representative does not apportion the proceeds among the heirs.

> In contrast to the survival action, the wrongful death action is personal to the decedent's heirs and independent of any cause of action available to the decedent's estate. The right of recovery seeks to compensate the heirs for the harm or damages that *they personally suffered* as a result of the decedent's death.

*Id.* at 472. The court held that the amendment did not change the law:

> While the 1987 amendment did change the procedure one must follow in bringing the actions, the amendment did not change the respective substantive law in the area . . . The change in procedure essentially occurred to statutorily declare a prohibition against double recovery in wrongful death and survival actions.

*Id.* at 473.

There is nothing in the legislative history even suggesting that minority tolling would be barred.

## IV.   THE PERSONAL REPRESENTATIVE IS MERELY A NOMINAL PARTY IN A WRONGFUL DEATH LAWSUIT.

The personal representative represents the interests of others.  Any recovery made by a personal representative in a wrongful death lawsuit "is not in his capacity as personal

representative. He is *trustee* of the money for the persons entitled." *In re Estate of Bennett*, 308 P.3d 63, 67 (Mont. 2013). While the damages in a survival claim are distributed according the laws of intestate succession, wrongful death damages are personal to each survivor.  Any wrongful death damages award or settlement must be apportioned by the District Court among the claimants. "The trial court, after the verdict, is given the task of allocating the money damages." *Id.* at 68.

Prior to the 1987 amendment requiring a single lawsuit for both survival and wrongful death actions, a cause of action for wrongful death could be "prosecuted by the personal representative *or* by the heirs." *Swanson v. Champion International*, 646 P.2d 1166, 1170 (Mont. 1982). The personal representative was merely a nominal party in wrongful death cases. In *Swanson*, the court stated at 1170–71:

> Though the personal representative of the decedent, under the wrongful death statute, may sue the responsible party, any recovery made by the personal representative in the wrongful death claim is not in his capacity as personal representative.  He is a trustee of the money for the person entitled…Damages are returned by general verdict, covering all of the heirs involved.  The jury is not given the duty of ascribing so much to one heir and so much to another.  Rather, the trial court, after the verdict, is given the task of allocating the money damages among the heirs.

Thus, prior to the 1987 amendment, the personal representative *could* be the wrongful death plaintiff. After the 1987 amendment, the personal representative *must* be the wrongful death plaintiff.   But an heir may be appointed as personal representative, so nothing has changed in the substantive law.  The amendment was merely a procedural change mandating a single lawsuit.

## V.    CASE LAW AND PUBLIC POLICY SUPPORT MINORITY TOLLING IN DEATH CASES.

While there are no Minnesota cases on point, courts in other states with similar wrongful death statutes have held that minority tolling applies, regardless of whether the plaintiff must be a personal representative.  In *Hernandez v. New York City Health and Hospitals Corp.*, 585 N.E.2d 822, 825 (NY 1991), the court held that the wrongful death cause of action is not part of decedent's estate, and the personal representative is merely a nominal party:

> What should not be lost in the maze of statutes is that the person—the only person—whose interest are at stake in bringing this action is decedent's child. Though a wrongful death action must be brought by the personal representative to ensure order in settling decedent's affairs, any damages recovered are exclusively for the benefit of the decedent's distributes, the cause of action is not part of and bears no legal relationship to decedent's estate . . . The personal representative is a "mere nominal party" acting in the capacity of trustee or agent for the beneficiaries.

The Court held that the statute of limitations is tolled until a guardian is appointed to look after the rights and interests of the minor, regardless of whether a personal representative is the named plaintiff.

In the present case, a guardian was not appointed for Trent Vigus Jr. until 2017.   Under Montana law, a minor cannot be a plaintiff, and in a civil lawsuit, "a guardian shall conduct the action or proceedings." MCA 41-1-202.  A guardian of a minor is not the same thing as a personal representative of an estate.  Anyone of legal age can be appointed as a personal representative—it can be a creditor, a "public administrator", a devisee, banker, a distant cousin, custodial parent, or a person who has a stake in the outcome. MCA 72-3-502 ("Priorities for Appointment") An outsider or even a relative cannot always be trusted to bring a tort lawsuit on behalf of a minor. There is a strong public policy for protecting minors, and this is why the tolling statute was created for tort actions. This is particularly evident in the present case, where the personal representative disavowed paternity and listed herself as the only heir, excluding both the unborn child and the common law wife.  (Plaintiff's fact 33)

**VI.   THE MINORITY TOLLING STATUTE APPLIES REGARDLESS OF WHETHER THE PERSONAL REPRESENTATIVE OR OTHER HEIRS HAVE ACTUAL KNOWLEDGE SUFFICIENT TO START A LAWSUIT.**

What happens when a personal representative or parent allows a statute of limitations to run?  Does this sink a minor's claims?  According to the majority of courts, the answer is no.   In *Cox v. McDonnell-Douglas Corp.*, 665 F.2d 566 (5th Cir. 1982), the court held that under Idaho law, the minor's wrongful death action was not time barred, even if their mother's cause of action was time barred. Idaho has a similar (but shorter) minority tolling law, which allows minors an additional six years beyond the two year wrongful death statute of limitations to file their actions. The defendant argued that once the limitations period expired for any potential beneficiary, the entire cause of action is barred, regardless of minority tolling. The trial court granted summary judgment, based on the knowledge of the mother.  In reversing, the court cited a long series of cases from other states, and stated at page 572: "The authorities in states with wrongful death statutes similar to Idaho's are unanimous in concluding that expiration of the limitations period with respect to one possible plaintiff does not bar an action by statutorily-protected minor plaintiffs." The Fifth Circuit reversed remanded the minors claim, and also held that there was a fact issue for the mother with respect to the so-called discovery rule and the fraudulent concealment doctrine, both of which toll the statute.

In *Haakenson v. Wakefield Seafoods*, 600 P.2d 1087 (Alaska 1979), the mother and father were both killed when their car veered off a privately owned causeway, leaving behind five surviving children. The maternal grandparents assumed custody, but "apparently neither custodian was aware that a cause of action for wrongful death could be filed on behalf of the children." Five years went by. Then the grandfather then sought appointment as personal representative and started a wrongful death lawsuit, well past the two year wrongful death statute

of limitations.  Defendant argued that the claim was time-barred due to neglect of the personal

representative.  The defendant also argued that wrongful death actions were unknown at common

law, statutes in derogation of common law must be strictly construed, conditions precedent to

recovery, and other outdated archaic arguments. The Alaska Supreme court disagreed:

> While the personal representative is the party who brings suit for wrongful death in
> Alaska, he or she is a nominal party only . . . The personal representative holds any
> recovery as trustee for the statutory beneficiaries . . . The legislature has found,
> however, that certain circumstances outweigh the policies underlying these statues
> of limitations. . . (The tolling) statute expresses the public policy that favors
> safeguard the interests of minors . . . We can think of no good reason why this
> expression of legislative policy should not apply to wrongful death actions.  By
> construing the limitation period in the wrongful death statute in *pari materia* with
> the general (tort) limitations provisions, we are able to give effect to the policies
> underlying limitations of actions. In addition, by affording wrongful death
> beneficiaries the same procedural opportunities available to other tort claimants,
> we can give better effect to the compensatory purpose of wrongful death actions.

*Id.* at 1090–91.

There is no rational basis to treat wrongful death cases differently than other torts. In

Montana, there is only one statute of limitations which applies to tort actions, including wrongful

death. MCA 27-2-204 There is no exception for tolling in torts involving wrongful death in the

limitations statute, the tolling statute, or in the amended wrongful death statutes. The reason for

tolling statutes is to protect innocent minors in the exact situation faced by 7 year old Trent

Vigus Jr. Trent's paternal grandmother who was also personal representative disavowed

paternity and did not even list Trent Jr. or his mother Emma Fischer as an heir. Emma and Trent

Jr. had no contact with the Vigus family from 2011 until 2017, following DNA testing. (Fischer

affidavit, par9) Emma was devastated both by the death and the repudiation, and had no

knowledge of any basis for a lawsuit until recently. (Fischer affidavit par 8, 13) Trent Vigus Jr.

lost his father and Emma lost her husband and the income he would have provided to raise Trent.

There was nobody with the knowledge or ability to bring a lawsuit until 2017, when Mary
Devera was appointed personal representative to look after his interests.

Is there any reason to toll the statute of limitations for minors for other tort and contract
actions, and not for wrongful death? This is a rhetorical question which is not addressed by
archaic arguments about derogation of the common law, unitary cause of action, acts precedent
to right to recovery etc.   Interestingly, Montana has a statute which states "The rule of the
common law that statutes in derogation thereof are to be strictly construed has no application to
the statutes of the State of Montana."  MCA 1-2-103  Those courts which have held that
wrongful death actions are not tolled base their opinions on the "statutes in derogation of the
common law" rule.  This rule obviously cannot be applied in Montana cases.

## VII.    <u>KNOWLEDGE OF THE PERSONAL REPRESENTATIVE OR PARENT IS<br>IRRELEVANT.</u>

Defendant XTO argues that "it is what the personal representative knew or should have
known that is at issue."  (Brief, page 13)  Defendant cites no Montana authorities for this
argument.  In other states, courts have held that knowledge of a personal representative or even a
parent is irrelevant in the face of a minority tolling statute.  In *Cross v. Pacific Electric*, 388 P.2d
353 (Cal. 1964), the California Supreme Court, *en banc*, held that the running of the statute of
limitations against adult heirs does not affect the rights of a minor plaintiff in a wrongful death
action. The court held that while the statute required all heirs to be joined in one action, the rights
and interests of each heir are separate rather than joint, and the damages must be apportioned by
the court and not a jury.

In *Enciso v. Chmielewski*, 16 S.W.3d 858, 860 (Tex. Ct. App. 2000), the court held that a
minor may bring a wrongful death action even if the surviving parent's tort claim is time-barred.
The court emphasized that "the purpose of the tolling provisions for minors is to protect persons

who have no access to the courts, and to insure that their right to bring suit will not be precluded by the running of the statute of limitations prior to the removal of their disability." The actual knowledge of the parent or personal representative of a right to sue is irrelevant when there is a minority tolling statute.

In *Gaudette v. Webb*, 284 N.E.2d 222 (Mass. 1972), the Massachusetts Supreme court rejected a flurry of arguments about wrongful death actions not being part of the common law, strictly construed, condition precedent, derogation of common law etc. The court held that the law has "evolved to the point where it may now be held that that right to recover for wrongful death is of common law origin, and we so hold." *Id.* at 229. The court held in this manner, "despite the seeming hopelessness of the plaintiff's cause of action for death in light of the formidable array of adverse judicial precedent." The defendant argued that the minority tolling statute refers to "persons entitled thereto" and does not apply to actions which must be brought by a personal representative, the same argument defendant XTO is making in this case.  The court held that a personal representative is merely a "conduit for the children's recovery, much like a next friend for a minor plaintiff. In a very real sense, it is the children's cause of action." The court held that the mother's claim was time-barred, but the children's claim was not.

In *LaFage v. Jani*, 766 A.2d 1066 (NJ 2001), the New Jersey Supreme court similarly rejected the time-worn outdated arguments that wrongful death actions did not exist at common law, and therefore tolling does not apply. The court surveyed centuries of jurisprudence, and simply held that wrongful death claims *were* cognizable at common law. The old inflexible approach to statutes of limitations in wrongful death actions is not supported by logic or common sense. There are a few courts which have held that wrongful death actions cannot be tolled by minority savings statutes, but the technical and archaic legal analysis of these opinions makes no

sense in today's world. "Law is more than an exercise in logic and logical analysis. Law should not become an instrument of injustice." *Id.* at 1075.   MCA 1-2-103 ("Statutes in Derogation of Common Law – Liberal Construction") states that such statutes "and all proceedings under them are to be liberally construed with a view to effect their objects and to promote justice."  Kicking a young orphan out of court because only personal representatives can be named as plaintiffs does not liberally construe the wrongful death and tolling statutes.  It is not hard to predict how the Montana Supreme Court would rule if presented with this issue.

In *Ruiz v. Guerra*, 293 S.W.3d 706, 716 (Tex. Ct. App. 2009), the court not only held that the minor's wrongful death lawsuit was not time barred, but also held that "case law illustrates that the limitations period must be calculated for each wrongful death claimant, and some statutory beneficiaries may be barred while others receive the benefits of tolling." The Texas wrongful death statute, like the Montana statute, required that only one wrongful death suit shall be brought which shall be for the benefit of all persons entitled to recover.

The Nevada Supreme Court reached a similar conclusion in *Parker v. Chrysler Motors Corp.*, 502 P2d 111 (Nev. 1972), holding that the claims of each potential wrongful death beneficiary must be analyzed separately for statute of limitations purposes. While the statute required a single cause of action for all heirs and the judgment must be in a lump sum, "a defense, good against the claim of one heir, is not fatal to the others, any more than a settlement by one could bar the rights of all. It is equally clear that the running of the statute of limitations is suspended during their period of their minority."

In *Switzer v. Reynolds*, 606 P.2d 244 (Utah 1980), the mother filed a wrongful death lawsuit on behalf of her children ten years after her husband was killed. The court held that while she may be barred, other heirs may not be barred. While Utah law required a single lawsuit, "the

wrongful death action of Section 78-11-7 is not a joint cause of action. Therefor a defense which would bar recovery by one of the heirs will not preclude all other heirs." The court went on to cite a series of cases from other jurisdictions so holding.

In *Sprecher v. Magstadt*, 213 N.W.2d 881 (N.D. 1973), the North Dakota Supreme Court held that the state tolling statute applied in all wrongful death cases. The only way a minor would not be entitled to recover is if an earlier filed claim had proceeded to trial and judgment. Here, we do not need to address the issue of prior lawsuits, litigated wrongful death cases and omitted heirs. The only lawsuit here is the one filed by Mary Devera in December 2017.

In *Hamilton v. Vaden*, 721 P.2d 412, 417 (Okla. 1986), the Oklahoma Supreme court answered a certified question from the federal court about minority tolling in wrongful death cases. The court held that the minority tolling statute applied despite the fact that the administrator had previously filed and then dismissed a wrongful death lawsuit. The court held that the minor could refile the lawsuit, despite the fact that the administrator had dropped the ball:

> It is the duty of the court sedulously to guard the rights of minors.  No presumption against an infant is permitted; rather every presumption is indulged in his/her favor…Courts cannot assume that a parent will act effectively to protect the rights of their children…It is equally unreasonable to expect a minor, whose parents fail to timely vindicate his/her legal rights, independently to seek out another adult to serve as next friend.  To do so would ignore the realities of the family unit and the limitations of children.

In *Doe v. Holmes County School District*, 246 So.3d 920 (Miss. Ct. App. 2018), the court held that the tolling statute applies in wrongful death cases. The only time it does not apply is when someone who is qualified actually litigates a wrongful death lawsuit on the minor's behalf. The statute does not run against minor simply because his parents or personal representative could have filed a lawsuit sooner. If that were the case, "the minor's savings clause would be

rendered meaningless; the statute of limitations would run against every child immediately, simply because their parent was also their legal guardian.  As a result, every child would be responsible for their parent's failure."

Here, Defendant XTO attempts to blame former personal representative Terrilyn Vigus for not filing within the three year statute. Defendant argues that because only the personal representative can commence a lawsuit, "it is what the personal representative knew or should have known that is at issue." Defendant cites no cases for this argument. Defendant argues that Terrilyn and her former attorney had sufficient knowledge yet chose not to start a lawsuit, and thus, XTO is off the hook for killing Trent Jr.'s father. The multiple cases cited above demonstrate that knowledge acquired by Terrilyn Vigus or attorney Anderson is irrelevant to this summary judgment motion. Knowledge acquired by a personal representative who did not even acknowledge Trent Jr, as an heir cannot trigger the statute of limitations for this 7 year old boy and his mother, the widow of Trent Vigus.

The minority tolling statute was enacted to protect minors in these situations.  For example, in *Belt v. Carter*, No. 5:14-CV-00082-TBR, 2015 WL 4574846 (W.D. Ky. 2015), the mother was murdered but a wrongful death lawsuit was not started until many years later. The court did not hold the children responsible for the delay:

> For whatever reason, Plaintiffs guardians did not assert claims on their behalf…The law contemplates this scenario:  in an effort to protect the legal rights of minors, the tradition for nearly four centuries has been that the statute of limitations is tolled until a minor reaches his 18th birthday…Punishing plaintiff's for the failure of others to seek appointment of an administrator…imposes an insurmountable obstacle to plaintiff's right of access to the court and leaves them without a remedy.

The federal district court concluded that despite no case law on the subject, the Kentucky

Supreme Court would not require dismissal of plaintiff's claims.     The same thing should

happen in the present case.

In *Smith v. Sturm Ruger and Co.*, 643 P.2d 576 (Mont. 1982), the Montana Supreme

court acknowledged that the minority tolling statute is poorly worded, but nevertheless must be

always be liberally construed to protect minors:

> While Section 27-2-401(1) is hardly a model of good draftsmanship, we
> nonetheless believe that the intent of the statute was to preserve right of action
> that accrue during a disability, such as minority.  The law favors a right of action
> over a right of limitation, and a statute which tolls a statute of limitations will be
> liberally constructed in order to accomplish that purpose.

Though there are no Montana Supreme Court cases addressing whether appointment of a

personal representative defeats minority, the Montana Supreme Court would certainly not favor

the twisted logic of XTO and rule that a procedural statute overrules minority tolling. The tolling

statute must be liberally construed in favor of the minor here, despite any ambiguity about

"personal representative" and "person entitled to bring an action." More importantly, it is

common sense that the Montana legislature sought by amendment to prevent multiple lawsuits,

not to repeal minority tolling.  Had they intended to exclude wrongful death cases from the

minority tolling, they could and would have done so when the statute was amended in 1995 and

1997.

## VIII.   THE DISCOVERY RULE CREATES AN ISSUE OF FACT FOR THE OTHER POTENTIAL WRONGFUL DEATH DAMAGES BENEFICIARIES.

Trent Vigus Jr.'s claim for wrongful death is protected by the tolling statute, and fact

issues pertaining to actual knowledge of others, fraudulent concealment or self-concealing facts

are irrelevant to his claims.  The minor does not need to offer any evidence on these issues.  He

is not time-barred.  This should be enough to defeat summary judgment, but Defendant has

raised some issues pertaining to the discovery rule, alleging that a stack of documents proves their affirmative defense.

The discovery rule is a common law exception to statutes of limitations, which has been codified by the MCA 27-2-102(3). That statute is worded as follows:

> (3) The period of limitations does not begin on any claims or cause of action for an injury to person or property until the facts constituting the claims have been discovered, or, in the exercise of due diligence, should have been discovered by the injured party if:  (a) the facts constituting the claim are by their nature concealed or self-concealing; or (b) before, during, or after the act causing the injury, the defendant has taken action which prevents the injured party from discovering the injury or its cause.

Defendant has raised a litany of facts which allegedly prove that Terrilyn Vigus and her attorney Rick Anderson "had knowledge of facts that could constitute the claim for wrongful death as early as September 2010." *See* Defendant's Brief, at 13. What are these facts? The Sheriff's Offense/Incident Report states that the death was "a possible H2S gas death", the ambulance report states that the ambulance was "dispatched to rig for man exposed to H2S", and the autopsy report notes that "concerns were initially over the possibility of hydrogen sulfide or methane exposure." *See brief* at 11, 12. But defendant ignores that fact that H2S or other poison gas were ruled out as a cause of death by the coroner, Dr. Bennett, and the State of Montana.

Defendant has cited no evidence that would even suggest that Emma Fischer or Mary Devera had actual or constructive knowledge of facts to bring a wrongful death claim. Both Emma Fischer and Mary Devera were told by the Sheriff that Trent died of a heart attack, and this was on the death certificate and autopsy report provided to them. Emma and Mary lived 400 miles away from the County where Terrilyn Vigus got appointed as personal representative. Devera affidavit, ¶¶ 2, 3. There are no facts which would justify a finding that these Emma

Fischer or her mother had actual or constructive knowledge.  Both categorically deny any knowledge.  Devera affidavit, ¶ 3; Fischer affidavit, ¶¶ 8, 13, 14.

As the common law wife of Trent Vigus and the mother of Trent Vigus Jr, Emma Jane Fischer is an heir and as such is entitled to a share of the wrongful death verdict or settlement, if allowed by the Court in apportionment proceedings. MCA 40-1-403; Estate of Alcorn, 868 P2d 629 (Mont. 1994) As the mother of Trent Vigus Sr., Terrilyn Vigus also has a claim for wrongful death damages if she meets the standards enunciated in recent Montana case law allowing a parent to collect damages for loss of consortium from the death of an adult child. *In re Estate of Bennett*, 308 P.3d 239 (Mont. 2013). Whether Emma or Terrilyn knew or should have known enough to start a lawsuit by 2013 is at best a jury question, because there are no admissions or sworn deposition testimony showing actual or constructive knowledge. But even if the Court concludes that both woman may be barred by the statute of limitations, the case will not go away. There is therefore no need to go there at this time.

Nevertheless, there are facts which do show the date when Mary Devera and Emma Fischer acquired the knowledge which led to filing this lawsuit. The CDC first issued its report about the nine identical well hatch deaths in 2016. (Plaintiff's Exhibit 20)  In late 2015, a reporter knowing about the NIOSH investigation called Mary Devera and alerted her. Mary and Emma then used Google and acquired information which led to retaining the Bremseth Law Firm, Mary getting appointed as guardian and as personal representative, establishing paternity and starting this lawsuit. They acquired this information in 2015, and the lawsuit was filed less than three years later, in 2017. Devera affidavit, ¶¶ 3, 4; Fischer affidavit, ¶¶ 13, 14.

## IX.    SUSPICION IS NOT ENOUGH.

Defendant argues that Terrilyn Vigus had grounds to suspect that her son was felled by hydrogen sulfide gas. The suspicion was later ruled out by multiple entities in the fall of 2010. Whether this suspicion proves that the facts constituting the claims were not self-concealing is a jury question is almost every case. This has been emphasized again and again by the Montana Courts, most recently by Judge Molloy in *Ambrose v. Tricon Timber*, No. CV 15-113-M-DWM, 2016 WL 4257333 (D. Mont. 2016).

In *Ambrose*, the plaintiff claimed he was unaware that chemicals he was exposed to at work in 2011 and 2012 caused his injuries. The defendant presented numerous facts from medical records, from depositions, from OSHA and other sources in an effort to get summary judgment. In denying the summary judgment motion, Judge Molloy held that "disputed issues of material fact as to whether an injury was self-concealing and whether a plaintiff exercised due diligence must be resolved by the trier of fact . . . . This is true even where plaintiffs have asserted long-standing beliefs or suspicions regarding the link between the symptoms and their ultimate cause."

*Ambrose* is the merely one of the latest in a long series of Montana cases holding that issues pertaining to the discovery rule are fact questions in almost all cases. *See Christian v. Atlantic Richfield*, 358 P.3d 131 (Mont. 2015) ("An injury that is not apparent to a layperson because of its complexity, and which can ultimately only be discovered by professional analysis, may also be considered self-concealing . . . These questions must be resolved by the trier of fact."); *Johnston v. Centennial Log Homes*, 305 P.3d 781 (Mont. 2013) (whether injury to home was self-concealing or should have been discovered "cannot be resolved at this stage in the proceedings and should be decided by the jury."); *Siebken v. Voderberg*, 291 P.3d 572 (Mont. 2012 (issue of fact as to when police officer discovered altercation caused his neck and back

pain); *Sternhage v. Dow Chemical*, 711 F. Supp. 1027 (D Mont. 1989) ( "ordinarily a question of fact for the jury to determine with the defendant bearing the burden to prove the affirmative defense."); *Hando v. PPG Industries*, 771 P.2d 956 (Mont. 1989) ("a statute of limitations has even been tolled until the legal cause of an injury has been determined, although the injury itself is apparent, if equity so demands."); *Harmung v. Richardson*, 317 F. Supp. 183 (D. Mont. 1970) (summary judgment on discovery rule must be denied "where there is a permissible inference of knowledge on the one side and a categorical denial of knowledge on the other."); *Nelson v. Nelson*, 50 P3d 139 (Mont. 2002) (if state of plaintiff's knowledge or diligence is disputed, issue cannot be resolved on summary judgment).

The Ninth Circuit has also remanded cases on the discovery rule. *See Muller v. Decker Coal Co.*, 87 F3d 1321 (9th Cir 1996) ("[K]nowledge is a factual issue which cannot be resolved on summary judgment"); *Jellum v. Dalkon Shield Claimants Trust*, 50 F.3d 14 (9th Cir. 1995) (stating that where plaintiff claimed she did not learn until she saw a TV program, "[t]he strength of the evidence and the credibility of the witnesses…should be decided by the trier of fact.")

Here, with respect to fraudulent concealment by XTO, the only way for a plaintiff to acquire evidence to support this is through discovery.  Defendant argues that "no one prevented the personal representative from discovering the injury (death)." There is no reason to grant summary judgment on this partial issue at the beginning of this case, when discovery may later turn up facts.  Federal Rule of Civil Procedure 56(d) should be applied here.

## CONCLUSION

Summary judgment should be denied in all respects.  The wrongful death lawsuit is primarily for the benefit of 7 year old Trent Vigus Jr., and the minority tolling statute applies.

The amendment to the wrongful death statute requiring a single lawsuit by the personal representative did not repeal the minority tolling statute.

Whether the personal representative, parent, guardian or others could have started a lawsuit sooner is not relevant. Even actual knowledge of the cause of death, such as a murder of a parent, does not trigger the statute of limitations for the claims of a minor. What the adults knew, and when they knew it has no bearing at all on the claim of the minor.  The tolling statute protects minors from the adult's negligence or failure to protect the interests of the child.

There are two other potential beneficiaries here, Emma Fischer and Terrilyn Vigus. What each of them knew or should have known is not established by defendant's summary judgment exhibits. Case law uniformly holds that when there is a discovery rule affirmative defense raised by defendant, there are fact issues which must be decided by a jury in virtually every case. While defendant claims that Terrilyn Vigus should have started a lawsuit earlier, defendant has made no such argument for Emma Fischer.

But it is not necessary to address issues pertaining to the discovery rule to deny this summary judgment motion. There are numerous issues of fact raised by the affidavits and documents we have submitted with respect to knowledge and the discovery rule.  These facts are not reiterated in detail in this brief, but are presented in narrative form in our Statement of Disputed Facts.  The documents which defendant has submitted prove neither actual knowledge nor constructive knowledge on the part of Terrilyn Vigus.  Suspicion does not defeat the discovery rule.

 Questions pertaining to fraudulent concealment cannot be decided this early in the case. The widow, the mother and the infant do not have depositions of company representatives or internal documents at this early stage.  Federal Rule of Civil Procedure 56(d) applies here.

Dated this 21st day of September, 2018.

/s/ Keith Ekstrom_____
Bremseth Law Firm

**ATTORNEYS FOR PLAINTIFF**
**MARY DEVERA**

## CERTIFICATE OF COMPLIANCE

Keith Ekstrom, attorney for plaintiff, hereby certifies that the number of words in this brief are less than 6424 words, including the caption.


/s/ Keith Ekstrom_____
Keith Ekstrom